UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>D-1 JUAN ANTONIO VASQUEZ,<br>D-2 NORTON SPENCER,<br><br>Defendants.<br>_____ / | Case: 2:24-cr-20559<br>Assigned To : Goldsmith, Mark A.<br>Referral Judge: Stafford, Elizabeth A.<br>Assign. Date : 10/2/2024<br>Description: INDI USA v SEALED MATTER (JP)<br><br>Violations:  18 U.S.C. § 1349<br>18 U.S.C. § 1343<br>18 U.S.C. § 1344<br>18 U.S.C. § 1028A |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### 18 U.S.C. § 1349
*Conspiracy to Commit Wire Fraud*

D-1 JUAN ANTONIO VASQUEZ
D-2 NORTON SPENCER

At all times relevant to this Indictment:

1. From at least June 16, 2023, and continuing through at least March 25, 2024, in the Eastern District of Michigan and elsewhere, the defendants, JUAN ANTONIO VASQUEZ, and NORTON SPENCER, did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit wire fraud in violation of Title 18, United States Code, Section 1343.

2. It was an object of the conspiracy that defendants, JUAN ANTONIO VASQUEZ and NORTON SPENCER, and others known and unknown to the Grand Jury, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purposes of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

3. The purpose of the conspiracy was for the defendants, JUAN ANTONIO VASQUEZ and NORTON SPENCER, and others known and unknown to the Grand Jury, to unlawfully enrich themselves and others by, among other things, using personal identifying information (PII) and fraudulent identification submissions to steal, convert, or otherwise access financial accounts belonging to other people. With this access, VASQUEZ and SPENCER, and others known and unknown, made fraudulent purchases using those respective accounts, thereby

defrauding financial institutions, and obtaining money and funds under the custody and control of those financial institutions.

## Manner and Means of the Conspiracy

4. The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included the following:

5. VASQUEZ and SPENCER obtained personal identifying information (PII) and financial account information for other people, and to which VASQUEZ and SPENCER were not entitled to use.

6. VASQUEZ and SPENCER then took that information and made, or attempted to make, purchases, typically online, by fraudulently assuming the identity of the true accountholder.

7. VASQUEZ and SPENCER submitted fraudulent identity verification through the cell phones, tablets, or other electronic devices capable of either internet or telecommunication connections, in order to gain access to existing customers' accounts.

8. VASQUEZ and SPENCER also requested that replacement credit cards and other financial devices be sent to their homes or otherwise made available for their use.

All in violation of Title 18, United States Code, Sections 1349.

3

## COUNTS TWO THROUGH ELEVEN
18 U.S.C. § 1343, § 2
*Wire Fraud*

D-1 JUAN ANTONIO VASQUEZ
D-2 NORTON SPENCER

9. The factual allegations contained in paragraphs 1 through 8 of this Indictment are realleged as though fully set forth herein.

10. On or about the dates set forth below for each count, in the Eastern District of Michigan and elsewhere, the defendants, JUAN ANTONIO VASQUEZ and NORTON SPENCER, knowingly devised and executed a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and aided and abetted each other and others known and unknown to the Grand Jury, and attempted to do so. The defendants acted with the intent to defraud.

11. It was the purpose of the scheme and artifice to defraud for the defendants to unlawfully enrich themselves by making purchases, both in person and online, using personally identifiable information (PII) and bank account information belonging to other people.

12. On or about the dates specified as to each count below, in the Eastern District of Michigan and elsewhere, the defendants specifically

identified as to each count transmitted and caused to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds in furtherance of and to execute the scheme.

13. Each of the following constitutes a separate count of this Indictment:

| Count | Defendant | Approx. Date | Description of Wire |
|---|---|---|---|
| 2 | D-2 SPENCER | 11/13/2023 at 14:46 (CST) | Ashley Furniture transaction approved for account ending in "1995" |
| 3 | D-2 SPENCER | 11/27/2023 at 13:37 (CST) | Discount Tire transaction approved for account ending in "2802" |
| 4 | D-2 SPENCER | 09/06/2023 at 17:10 (CST) | Lowe's transaction completed for account ending in "5795" |
| 5 | D-2 SPENCER | 06/16/2023 at 17:12 (EST) | Lowe's transactions approved for account ending in "9079" |
| 6 | D-1 VASQUEZ | 12/15/2023 at 17:12 (CST) | Lowe's transaction approved for account ending in "6139" |
| 7 | D-1 VASQUEZ | 07/06/2023 at 19:39 (CST) | Identity verification for account ending in "4316" |
| 8 | D-1 VASQUEZ | 10/09/2023 at 16:44 (EST) | Delta.com flight purchase |

5

| 9 | D-1 VASQUEZ | 10/16/2023 at 10:20 (EST) | AMEX purchase approved for account ending in "1006" |
|---|---|---|---|
| 10 | D-1 VASQUEZ | 10/16/2023 at 19:30 (EST) | AMEX purchase approved for account ending in "1006" |
| 11 | D-1 VASQUEZ | 10/16/2023 | AMEX purchase approved at Guitar Center for account ending in "1006" |

All in violation of Title 18, United States Code, Sections 1343, 2.

## COUNT TWELVE
18 U.S.C. § 1344, § 2
*Bank Fraud*

D-2 NORTON SPENCER

14. The factual allegations contained in paragraphs 1 through 13 of this Indictment are realleged as though fully set forth herein.

15. On or about the date set forth below for each count, in the Eastern District of Michigan and elsewhere, the defendant, NORTON SPENCER, together with others known and unknown to the Grand Jury, willfully and knowingly executed and attempted to execute a scheme and artifice to defraud the financial institution identified for each count below, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and

control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, as described below for each count.

| Count | FDIC Insured Financial Institution | Accountholder | Execution of the Scheme |
|---|---|---|---|
| 12 | Lake Trust Credit Union | Victim-6 | Deposit of stolen and altered U.S. Department of Treasury check for $44,182.49 on 08/03/2023 |

All in violation of Title 18, United States Code, Sections 1344, § 2.

## COUNT THIRTEEN
18 U.S.C. § 1028A
*Aggravated Identity Theft*

D-1 JUAN ANTONIO VASQUEZ
D-2 NORTON SPENCER

16. The factual allegations contained in paragraphs 1 through 15 of this Indictment are re-alleged as though fully set forth herein.

17. On or about the date set forth in the table below for each count, within the Eastern District of Michigan and elsewhere, the defendants set forth in the table below for each count, together with others known and unknown to the Grand Jury, aiding and abetting one another, did knowingly transfer, use, and possess, without lawful authority, a means of identification of another person during and in

relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, wire fraud in violation in 18 U.S.C. § 1343, knowing that the means of identification belonged to another person, in violation of Title 18 U.S.C. § 1028A.

| Count | Defendant | Date | Means of Identification |
|---|---|---|---|
| 13 | D-1 Vasquez | 03/25/2024 | Submission of fraudulent identity verification for Victim-11 |
| 14 | D-1 Vasquez | 08/22/2023 | Submission of fraudulent identity verification for Victim-4 for account ending in "4956" |
| 15 | D-2 Spencer | 08/28/2023 | Submission of fraudulent identity verification for Victim-5 for account ending in "6457" |

## FOREFEITURE ALLEGATION
## 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461(c)

18. The allegations contained in Counts One through Twelve of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

19. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1349, 1343, and 1344 set forth in Counts One through Twelve of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL.

*s/ Grand Jury Foreperson*
Grand Jury Foreperson

DAWN N. ISON
United States Attorney

*s/ Sara D. Woodward*
SARA D. WOODWARD
Chief, General Crimes Unit
Assistant United States Attorney

*s/ Darrin S. Crawford*
DARRIN S. CRAWFORD
Assistant United States Attorney

Date: October 2, 2024

Case: 2:24-cr-20559
Assigned To : Goldsmith, Mark A.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 10/2/2024
Description: INDI USA v SEALED MATTER (JP)

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number: |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes  ☒ No | AUSA's Initials: D.C |

**Case Title:** USA v. Juan Antonio Vasquez et al

**County where offense occurred :** Wayne and Elsewhere

**Check One:** ☒ Felony ☐ Misdemeanor ☐ Petty

✓ Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number: _____]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

### Superseding Case Information

**Superseding to Case No:** _____  **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

October 2, 2024
Date

Darrin Crawford
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
313-226-9549
Darrin.Crawford@usdoj.gov
P75863

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.